IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING, #K8115                                                       PLAINTIFF

VS.                                    CIVIL ACTION NO. 4:08cv59-LRA

E. L. SPARKMAN, ET AL                                       DEFENDANTS

## **OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge at the James O. Eastland Federal Courthouse in Jackson, Mississippi, on October 22, 2008. James C. Winding [hereinafter "Plaintiff"] appeared *pro se,* and Pelecia E. Hall and Charles B. Irvin, office of the Attorney General of Mississippi, and Lee Thaggard, Meridian, Mississippi, appeared on behalf of all of the named Defendants.

The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi.

The facts set forth in the Complaint are quoted as follows:

On or about February 26, 2008, plaintiff was brought back to EMCF without regards to his health and safety. Inmate Willie Proctor MDOC #67394 pushed plaintiff against the wall in EMCF hallways. Inmate Proctor was red tag by plaintiff. The same inmate Willie Proctor had stabbed plaintiff multiple times, mostly to the head and neck. Plaintiff suffers paranoia due to this past incident. On or about May 19, 2008, an inmate was stabbed multiple times, May 21, 2008, another inmate was stabbed in front of plaintiff, in which exposed plaintiff to further danger. That plaintiff brought his concerns/problems to all named defendants. In which was denied assistance. That every jail or prison should have a classification system that separates dangerous inmates from the rest and allows for the special confinement of obvious predators. The named defendants did not follow this rule when placing plaintiff around offender Willie Proctor MDOC #67394 and further dangers. That incident report, disciplinary reports, newspaper stories about inmate violence at EMCF, inspection reports by outside group and agencies criticizing inadequate security procedures and inmate safety at EMCF from February 26, 2008, until June 6, 2008. That the Defendants failure to comply with their inadequate customs, policies, and practices constituted deliberate indifference to my fourteenth amendment rights.

As Defendants in this case, Plaintiff named Deputy Commissioner E. L. Sparkman, Warden Dale Caskey, Assistant Warden Bart Grimes, Unit Psychologist Marcus Powe, and Unit Psychologist Thomas Moore.

Plaintiff has five other lawsuits pending in this Court, Cause Numbers 4:07cv69-JCS, 4:08cv99-LRA, 4:09cv58-DPJ-JCS, 4:09cv11-JCS, and 3:09cv385-DPJ-JCS. According to Plaintiff, all of these suits involve the beating he suffered at the hands of inmate Willie Proctor. Plaintiff explained this case under oath as follows.

Plaintiff was sent back to EMCF on February 26, 2008, after having been stabbed by Willie Proctor. After being assaulted by Proctor, he should not be placed in the same housing unit with him; this violates MDOC policy. He is being forced to see Proctor daily; he runs into him in the halls of the prison. Although he has not been injured again, he does suffer from emotional distress as a result of being housed near Proctor and other dangerous inmates. He has to take medicines to sleep and for the paranoia, and MDOC refuses to transfer him if he is on these medications. Plaintiff testified that he will dismiss this lawsuit if he is granted A custody status, and Willie Proctor is removed from EMCF.

Plaintiff stated at the omnibus hearing that he would like to dismiss Defendant Marcus Powe and Defendant Thomas Moore from this lawsuit. He has stated no claim against them, and his *ore tenus* motion to dismiss them is HEREBY GRANTED. He contends that Defendant Warden Caskey and Assistant Warden Grimes were aware of his situation and have done nothing about it. Defendant Deputy Commissioner E. L. Sparkman was apparently listed as Defendant because of his position at MDOC and because he, and the other Defendants, are responsible for the housing policies of MDOC. They have all violated the security rules of MDOC.

### 2. **DISCOVERY ISSUES and PENDING MOTIONS**

Plaintiff requested that he be provided copies of inmate Proctor's RVR reports for incidents that occurred prior to the one at issue in this Court. He also requested that he be provided copies of his medical records and his "red tag reports." If these documents have not already been provided Plaintiff, defense counsel should provide copies to Plaintiff on or before September 28, 2009.

3

Plaintiff filed a motion to amend [#23] requesting that he be allowed to amend his complaint to add allegations against Defendant Dr. Thomas Moore. This motion was filed prior to the omnibus hearing. At the omnibus hearing, Plaintiff moved to dismiss Dr. Moore from the lawsuit; accordingly, his motion to amend [#23] is moot, and it is HEREBY DENIED.

Plaintiff has filed a motion for emergency preliminary injunction [#24]. The undersigned has considered his request, and finds that he has failed to prove the elements required for temporary injunctive relief under *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987), and its progeny. Accordingly, that motion is HEREBY DENIED.

Plaintiff filed motions to compel production of documents [#27] [#29]. These requests were considered at the omnibus hearing, and herein, and the rulings regarding discovery are set forth in this Order. The motions are now moot and are HEREBY DENIED.

Plaintiff filed motions to amend [#30][#33]. In #30, Plaintiff seeks to add a claim that he should not be housed with inmate Wayne Grant, an inmate with a known propensity for sexual harassment on other inmates. The Court finds that this issue has been brought before the Court in other lawsuits of Plaintiff, and the motion is HEREBY DENIED. In #33, Plaintiff seeks to amend to ask for "unlimited canteen while incarcerated," A-custody status, and the removal of inmate Willie D. Proctor from EMCF. This motion is HEREBY GRANTED, and the complaint is amended by this document as to the relief sought.

Plaintiff filed a motion to compel an appointment with certain medical professionals [#36]. This Court has no authority to interfere with the prison's day-to-day management of health care, or to order medical appointments in these circumstances. Accordingly, the motion is HEREBY DENIED.

Plaintiff has filed a motion to compel production of certain documents regarding inmate Wayne Grant [#37]. The issue of any assault by Wayne Grant has been raised in other lawsuits, and the motion is HEREBY DENIED. Plaintiff's motion for subpoenas [#39] is DENIED as moot. Plaintiff filed a motion to compel answers to his request for admissions [#43]. This motion is HEREBY DENIED, as the requests are inappropriate under the rules of the Court.

On July 27, 2009, Plaintiff made an *ore tenus* motion that the undersigned Magistrate Judge recuse herself from his lawsuits. The undersigned prosecuted inmate Willie Proctor, and he is a vital witness in all of the lawsuits filed by Plaintiff in this Court. That motion is HEREBY GRANTED, and this case is hereby reassigned to United States Magistrate Judge James C. Sumner. Plaintiff stated that he wished to consent to Judge Sumner handling all of his cases, and he will execute any appropriate consent form.

Plaintiff also requested that all of his cases be consolidated, contending that they all involve his assault by Willie Proctor. Judge Sumner shall rule on any request to consolidate. Both Plaintiff and all Defendants shall file written motion regarding requests to consolidate the cases on or before August 12, 2009.

At the omnibus hearing, defense counsel made an *ore tenus* motion to dismiss this case due to Plaintiff's failure to exhaust his ARP remedies. Further, Defendants moved to

dismiss because they were sued only in their supervisory capacities, and, that Plaintiff suffered no physical injury. Written motions may be filed on these issues.

### 3. TRIAL WITNESSES

Plaintiff may name up to three inmate witnesses, and the Court will secure their presence at any trial to be conducted in this cause as long as they are incarcerated in the custody of MDOC. Plaintiff should submit his witness list and exhibit list to the Court on or before October 21, 2009.

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause. Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness. The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order. Plaintiff has requested that his case be heard by a jury, and he has consented to the trial being conducted by a Magistrate Judge.

IT IS, THEREFORE, ORDERED:

1. All motions, both dispositive and non-dispositive, shall be filed on or before September 21, 2009. Plaintiff shall submit his witness and exhibit list on or before October 21, 2009.

2. On or before August 12, 2009, both Plaintiff and defense counsel shall file motions to consolidate regarding Plaintiff's cases. The Court will then determine the best method of conducting further proceedings in Plaintiff's six cases.

3. Upon Plaintiff's unopposed *ore tenus* motion to voluntarily dismiss Defendants DR. MARCUS POWE and DR. THOMAS MOORE, they are hereby dismissed as defendants. Plaintiff's unopposed motion to dismiss them is HEREBY GRANTED.

4. Plaintiff's *ore tenus* motion to recuse, presented July 27, 2009, is HEREBY GRANTED, and this case is reassigned to Magistrate Judge James C. Sumner for all purposes.

SO ORDERED, this the 28th day of July, 2009.

                               /s/ Linda R. Anderson
                         UNITED STATES MAGISTRATE JUDGE